MEMO ENDORSED

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

October 29, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/24

*By ECF*

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *United States v. M.A.C., Male Juvenile*, 23 Cr. 679 (VEC)

Dear Judge Caproni:

    I write to object to the Court's unsealing order, ECF No. 26, because under the Juvenile Act, all records related to juvenile delinquency proceedings must remain under seal. The fact that M.A.C. waived his status as a juvenile on September 26, 2024 does not change the statute's confidentiality provision as applied to the pre-waiver proceedings. The Government – per Assistant U.S. Attorney Elizabeth Daniels – does not object to the sealing of all pre-waiver filings.

    M.A.C. was charged as a juvenile on December 21, 2023 pursuant to the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031 *et. seq.* (the "Juvenile Act"). Under the Juvenile Act, records related to juvenile delinquency proceedings *must* remain under seal subject to narrow exceptions. *See* 18 U.S.C. § 5038. The plain language of the statute makes clear that "throughout" the juvenile delinquency proceeding, "the records shall be safeguarded from disclosure." *Id.* The statute enumerates specific exceptions, but does not provide an exception for the circumstances here: where a juvenile waives his right to continue to proceed under the Juvenile Act and requests to proceed as an adult for the purposes of criminal prosecution. In other words, the fact that M.A.C. agreed on September 26, 2024 to proceed as an adult does not change the fact that between December 21, 2023 and September 26, 2024, all proceedings in this case were conducted pursuant to the Juvenile Act, subject to its strict confidentiality requirements.

    At all times prior to the Court's acceptance of Mr. Cruz's waiver of juvenile status on September 26, 2024, defense counsel understood that pursuant to the Juvenile Act, all submissions and transcripts of court proceedings would remain under seal by operation of statute, subject to the narrow exceptions set forth in 18 U.S.C. § 5038. Had we known that transfer would automatically serve to unseal the juvenile record, we would have, at the least, redacted M.A.C.'s name from all filings, and sought to seal submissions and transcripts related to sensitive matters, such as M.A.C.'s mental health conditions and treatment.

Honorable Valerie E. Caproni  Page 2
October 29, 2024

Re: *United States v. M.A.C., Male Juvenile*, 23 Cr. 679 (VEC)

From our review of analogous cases, district courts generally follow the Juvenile Act's confidentiality requirements even where transfer is ultimately granted, with the pre-transfer proceedings remaining under seal. In *United States v. Angelo Otero*, 15 Cr. 608-10 (KPF) (S.D.N.Y.), for example, all filings made under the Juvenile Act prior to the transfer decision remained under seal, and the Court referred to the defendant by his initials in its transfer decision, which it unsealed after hearing from the parties. *See id.* ECF No. 111 (Aug. 8, 2016); *see also United States v. Enrique Brito*, 11 Cr. 576-16 (PKC), ECF No. 131 (S.D.N.Y. Jul. 20, 2012) (after granting the transfer motion, unsealing only the superseding information, the juvenile information, and the court's decision on the transfer motion); *United States v. Tyrell Whitaker*, 12 Cr. 626 (ER), ECF No. 496 (S.D.N.Y. Aug. 27, 2021) (indicating that pre-transfer proceedings were conducted under a different case number and remained under seal); *but see United States v. Leniz Escobar*, 17 Cr. 362 (JFB), ECF No. 62 (generally unsealing docket entries from the juvenile proceedings, but leaving certain docket entries under seal.).

Accordingly, we respectfully request that the Court order that all docket entries and the accompanying transcripts predating Mr. Cruz's waiver of juvenile status on September 26, 2024 remain under seal.

Thank you for your consideration of this request.

Respectfully submitted,

/s/ _____

Martin S. Cohen
Ass't Federal Defender
Tel.: (212) 417-8737

cc:     All counsel of record

---

Application GRANTED. Docket entries 50 and above shall remain public. The Clerk of Court is directed to seal all entries, including documents and minute entries, from entry 1 - 49.

SO ORDERED.                10/29/24

*/s/ Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE